IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| MICHEL KECK,<br><br>    Plaintiff-Appellant/Cross-Appellee,<br><br>    v.<br><br>MIX CREATIVE LEARNING CENTER, L.L.C., JACQUELINE P. KENNEALLY, DOES 1- 10 INCLUSIVE,<br><br>    Defendants-Appellees/Cross-Appellants. | No. 23-20188 |

**OPPOSED MOTION TO DISMISS APPELLEES' APPELLATE FEES MOTION AGAINST HIGBEE FOR LACK OF JURISDICTION**

Peter R. Afrasiabi
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
Email: pafrasiabi@onellp.com

*Attorneys for Mathew Higbee and Higbee & Associates*

NO. 23-20188

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

MICHEL KECK,

Plaintiff-Appellant / Cross-Appellee,

v.

MIX CREATIVE LEARNING CENTER, L.L.C., JACQUELINE P.
KENNEALLY, DOES 1- 10 INCLUSIVE,

Defendants-Appellees / Cross-Appellants.

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judge of this court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant/Cross-Appellee**

Michel Keck

**Attorneys for Plaintiff-Appellant/Cross-Appellee Michel Keck in the original appeal, 23-20188**

Digital Justice Foundation, Gregory Keenan, Andrew Grimm.

**Attorneys for Plaintiff Michel Keck in the original district court case**

> Higbee & Associates and Mathew Higbee (no longer counsel for Plaintiff in the district court).
>
> Jeffrey Davis, Bradley Arant Boult & Cummings, LLP (current counsel still in the district court per the district court docket)

**Attorneys for Plaintiff-Appellant/Cross-Appellee Michel Keck Currently in the 23-20188 Appeal**

> Apparently, Ms. Keck is pro se, *see* Garcia Decl., Exh. K at Dkt.113-12 p.21 (Exh. A) (revoking Mr. Grimm's authority to represent Ms. Keck), but the Fifth Circuit docket does not indicate a formal withdrawal/substitution of the Digital Justice Foundation or its lawyers.

**Cross-Appellees in 23-20188**

> Higbee & Associates and Mathew Higbee

**Attorneys for Cross-Appellees Higbee & Associates and Mathew Higbee in 23-20188**

> In the Defendants/Appellees' cross-appeal originally, Higbee & Associates and Mathew Higbee represented themselves.
>
> Currently, Peter Afrasiabi, One LLP as of this filing.

**Defendants-Appellees/Cross-Appellants**

> Mix Creative Learning Center, L.L.C., Jacqueline P. Kenneally

**Attorneys for Defendants-Appellees/Cross-Appellants**

Roland Garcia, Mark Chretien, Elizabeth Gabrielle Block, Greenberg Traurig LLP.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

TABLE OF CONTENTS ...................................................................................... v

TABLE OF AUTHORITIES ................................................................................ vi

I. INTRODUCTION AND REQUEST .............................................................. 1

II. THE PARTIES ................................................................................................ 2

III. THIS COURT LACKS JURISDICTION AND THERE IS NO
    BASIS TO RECALL THE MANDATE ........................................................ 4

CERTIFICATE OF COMPLIANCE ..................................................................... 11

CERTIFICATE OF SERVICE ............................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Canal Ins. Co. v. First Gen. Ins. Co.*,
    901 F.2d 45 (5th Cir. 1990) ..................................................................6

*Greater Boston Television Corp. v. FCC*,
    463 F.2d 268 (D.C. Cir. 1971) ..............................................................6

*Keck v. Mix Creative Learning Ctr., LLC*,
    116 F.4th 448 (5th Cir. 2024) ............................................................1, 8

*Laffey v. Northwest Airlines, Inc.*,
    587 F.2d 1223 (D.C. Cir. 1978) ............................................................7

*Leroy v. Houston*,
    906 F.2d 1068 (5th Cir. 1990) ...........................................................7, 9

*Martin v. Walk, Haydel & Associates*,
    794 F.2d 209 (5th Cir. 1986) ................................................................6

*Nelson v. James*,
    722 F.2d 207 (5th Cir. 1984) ........................................................6, 8, 9

*Ruckelshaus v. Sierra Club*,
    463 U.S. 680 (1983) ...........................................................................4, 8

*Sims v. Great-West Life Assurance Co.*,
    941 F.2d 368 (5th Cir. 1991) ...........................................................7, 9

*United States v. Stafford*,
    29 F.3d 181 (5th Cir. 1994) ..................................................................4

*United States v. Tolliver*,
    116 F.3d 120 (5th Cir. 1997) ................................................................5

**Statutes**

28 U.S.C. § 1927 ............................................................................................1

**Other Authorities**

Fifth Circuit Rule 41.2 ...................................................................................5, 6, 8

Fifth Circuit Rule 47.8.1 ......................................................................................5, 7

Fed. R. App. P. 37 ....................................................................................................6

Fed. R. App. P. 41(c) ...............................................................................................4

# OPPOSED MOTION TO DISMISS APPELLEES' APPELLATE FEES MOTION AGAINST HIGBEE FOR LACK OF JURISDICTION

I. **Introduction and Request**[1]

Appellees Mix Creative Learning Center and Jacqueline Kenneally's (collectively, "Mix") motion for appellate attorney's fees against a law firm, Higbee & Associates, and its principal, Mathew Higbee (collectively, "Higbee"), should be dismissed for lack of jurisdiction. This Court's decision was issued on September 18, 2024, *see Keck v. Mix Creative Learning Ctr., LLC*, 116 F.4th 448 (5th Cir. 2024), and the mandate was issued on October 10, 2024, and there is not a proper basis to recall the mandate now almost a year later.

In this Court, there were two appeals: (1) Plaintiff-Appellant's appeal of the fair use summary judgment and fee motion decision, which this Court affirmed— and which appellate proceedings did not involve Higbee as counsel for the parties to that appeal; and (2) on the cross-appeal as to Higbee, this Court affirmed the district court's denial of joint and several liability under 28 U.S.C. Section 1927 against Higbee—which proceedings did involve Higbee as counsel for itself on that appeal as to it. *Id.*

---

[1]  This motion is opposed by Mix. An email was sent on 7/29/25 to Mix's lawyers and the Digital Justice Foundation lawyers to meet and confer and counsel for Mix indicated the same day this motion is opposed. The Digital Justice Foundation indicated that it agreed with this motion's request.

1

Jurisdiction is lacking because the mandate spread on October 10, 2024, and the rare exceptions to reinstating jurisdiction post-issuance of the mandate have no application here, over nine months later, to a party that chose not to avail itself of the process to seek fees for defending an appeal.

## II.　**The Parties**

Mix's appellate fee motion before the Court lists on page 3 the parties and their lawyers, but it is inaccurate. The motion says Plaintiff-Appellant Keck is represented in this Court by Higbee and the Digital Justice Foundation. Not so. Higbee filed a protective notice of appeal in this Court only as it relates to the appeal and secured transcripts and record materials for the appellate counsel not admitted in the district court. *See* 4:21-CV-00430 Docket, 4/24/2023 Notice of Appeal, 5/12/23 Transcript Order Request.

The Digital Justice Foundation stepped in days later, *see* Grimm email to Garcia Apr. 27, 2023 (Grimm: "I will be representing Ms. Keck in her appeal…") located at PDF p.256/404 on the filed motion,[2] and over the subsequent time of the case here the Digital Justice Foundation did the appeal for Plaintiff Keck.

---

[2]　We apologize for the citation form for this particular citation, but given the filing, the Court of Appeal's blue electronic stamp is on top of the district court's black stamp and we cannot make out the information at the top of the page to give a more precise location within the motion. Hence, within the 404-page PDF document we identified the PDF document's page number.

2

The appellate briefing in the principal appeal, for which fees are sought, was done by the Digital Justice Foundation on behalf of Keck. *See* 23-20188 Appellant's Principal Brief, Doc. 47-2; Reply Brief Doc. 55. The Digital Justice Foundation argued the appeal for Keck also, not Higbee. Indeed, as this Court is aware, Higbee minimized appellate proceedings and waived oral argument on the cross-appeal as to Higbee and only filed one Appellee's brief. *See* 23-21088, Doc. 54-1.

Further, the very fee motion itself before this Court has fee entries by the moving party's lawyer that demonstrates that Mix knows that Higbee was not the appellate lawyer on Appellant's appeal. *See* Roland Garcia Decl. Exh. D (timesheets) at 5/2/23 entry ("Conference with plaintiff's ***new*** counsel Andrew Grimm to discuss appeal issues.") (emphasis added); Roland Garcia Declaration Exh. E paragraph 5 ("As of the filing of this [July 2025 appellate fee] motion, Mr. Andrew Grimm, ***appellate counsel for Plaintiff***, informed me he is no longer retained…") (emphasis added); *see also* Exh C. p.3 (Mr. Garcia noting Attorney Grimm was the appellate counsel); Exh. K, Doc. 113-12 p.28.

To be sure, the record shows Higbee's former client would not let him work on its appeal that the Digital Justice Foundation took. *See* 23-20188 Motion, Doc.#116-1 at p.16 ("If we can have added two sentences at the end of 2.1 as follows: 'We agree not to associate any lawyer currently or previously affiliated

3

with the firm of Higbee & Associates.'"), and 35 ("Please confirm that you talked to Higbee and you can confirm that we will have completely separate briefs and no association between myself and Higbee firm."). And Higbee's former client engaged on the question of pursuing the appeal with its new lawyers at the Digital Justice Foundation. *Id.* at 146.

Procedurally, this matters because Higbee was before the Fifth Circuit only as an appellee on Mix's cross-appeal, and Higbee prevailed in that appeal, so the mandate should not be recalled to charge Higbee with fees for defending a decision that Higbee prevailed on, especially where Higbee did not even attend oral argument, thereby not further multiplying proceedings at all. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983) ("…the consistent rule is that complete failure will not justify shifting fees from the losing party to the winning party.").

### III. <u>This Court Lacks Jurisdiction and There is No Basis to Recall the Mandate</u>

Under Fed. R. App. P. 41(c), the mandate is effective when issued. When a mandate issues, the Court is divested of jurisdiction because the appellate court generally "retains jurisdiction over an appeal until it has issued a mandate to implement its judgment." *United States v. Stafford*, 29 F.3d 181, 183 (5th Cir. 1994). The appellate judgment was on September 18, 2024, and the mandate was issued on October 10, 2004. As of then, this Court lacked jurisdiction. This fee

motion against Higbee is now filed 9 months after this Court was divested of jurisdiction. Thus, the Court lacks jurisdiction to entertain the fee motion.

Mix could have filed its fee motion for appellate fees between the time of this Court's appellate judgment and the mandate issuance. Indeed, the Fifth Circuit rules provide for appellate fee motions. *See* Fifth Circuit Rule 47.8.1 (outlining motions for attorneys' fees in Fifth Circuit). Mix did not ask for fees in its principal briefing either. *See* 23-20188 Doc. 50-1 (filed 12/6/23). Mix could have sought fees here when the Court had jurisdiction and sought delay of mandate issuance to do so if necessary. Indeed, in its motion now before this Court, Mix contends that it sought to not burden this Court with a motion for fees as it wanted to settle the matter. *See* Motion at 3, Doc.113-1. That shows it knew enough to know it could have filed to suspend the mandate to seek fees in September 2024.

Notably, even today, Mix has not argued in its fee motion to recall the mandate. It just ignores the mandate issue entirely. Nonetheless, none of the extraordinary, limited exceptions to renewed jurisdiction post-issuance of the mandate apply here. Fifth Circuit Rule 41.2 allows recall of the mandate to prevent injustice. *See* Fifth Circuit Rule 41.2. Case law makes clear this serves very narrow circumstances and is not a general catch-all basis upon any claim of unfairness to reassert jurisdiction. *See United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997) (interim Supreme Court decision renders previous appellate decision

demonstrably wrong or where there is a danger of incongruent results in cases pending at the same time); *Martin v. Walk, Haydel & Associates*, 794 F.2d 209, 211 (5th Cir. 1986) (recalling mandate where court's decision on prejudgment interest conflicted with existing circuit case law); *Canal Ins. Co. v. First Gen. Ins. Co.*, 901 F.2d 45, 46-47 (5th Cir. 1990) (same); *see also Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 277 (D.C. Cir. 1971) ("While there is a doctrine for recall of mandate broadly rooted in a showing of 'good cause' and the need to 'prevent injustice,' the 'power to recall mandates should be exercised sparingly' and is not to be availed of freely as a basis for granting rehearings out of time for the purpose of changing decisions even assuming the court becomes doubtful of the wisdom of the decision that has been entered and become final.").

None of these cases apply here. This is not a case where the mandate failed to contain interest instructions, as required by Fed. R. App. P. 37. Nor is it a case of intervening Supreme Court authority that renders this Court's opinion fatally wrong. Nor is it a case of dueling cases before this Court where there is a risk of incongruent results for related partis on the same basic fact pattern. Nor is it a case of correcting clerical errors in the opinion or clarifying the opinion.

Further, under Rule 41.2, party mistakes are generally not a basis to recall a mandate. *See Nelson v. James*, 722 F.2d 207, 208 (5th Cir. 1984) (failure to timely seek costs before issuance of mandate was not a basis to recall mandate); *see also*

6

*Sims v. Great-West Life Assurance Co.*, 941 F.2d 368, 370 (5th Cir. 1991) (holding "patently insufficient" a lawyer's failure to file a bill of costs under appellate rules where the lawyers contended that they did not know the appellate costs procedures); *Leroy v. Houston*, 906 F.2d 1068, 1075 (5th Cir. 1990) (declining to recall mandate where existing attorney fee award was already ample); *Laffey v. Northwest Airlines, Inc.*, 587 F.2d 1223, 1224 (D.C. Cir. 1978) (same).

Here, in this summary judgment/fee appeal for which Mix seeks appellate fees defending the judgment below, Mix could have sought appellate fees by way of moving the Panel to issue fees post-decision and before the mandate spread. As noted, this Court's Rules provide a basis to expressly seek appellate attorney's fees. *See* Circuit Rule 47.8.1. The Rule even notes that, at least as to the substance of the motion, counsel ignorance of the rule is no excuse. *Id.* Those rules apply to all litigants before this Court. Mix's strategic choice to not do that is not a manifest injustice that justifies recalling a mandate.

Reciprocally, this Court issued a letter on June 24, 2025, noting the case was closed and declining to take action on a motion filed by Appellant Keck. *See* 23-20188, Doc.112-4 (Office of Clerk Letter).

And Mix's own time sheets in the very motion it filed before this Court show research into mandate law, pre-issuance no less. *See* Garcia Decl. Exh. D Timesheets, 9/19/24 entry on researching rehearing and mandate law.

7

In its motion now before this Court, Mix contends that it sought to not burden this Court with a motion for fees as it wanted to settle the matter. *See* Motion at 3, Doc.113-1. But that is a knowing, intentional, and strategic choice to not avail itself of the very procedure it admits it knew about and had at its disposal—delay issuance of the mandate if necessary and seek appellate fees by way of a timely motion here—and is not the fact pattern of a Rule 41.2 mandate recall scenario. *See Nelson*, 722 F.2d at 208 (failure to timely seek costs before issuance of mandate was not a basis to recall mandate). To be sure, it filed its costs bills for the appeal so certainly knew that it could so proceed to address financial issues post-decision with the Court.

Finally, good cause is lacking to recall a mandate because a losing appellant lacks basic standing to even seek a fee award—it did not prevail after all. As to Higbee defending Mix's cross-appeal of the denial of joint and several liability as against Higbee, in this Court <u>Higbee prevailed</u>. *See Keck*, 116 F.4th at 457-58. Thus, the very appellate fee motion itself lacks the most basic standing required of a party seeking fees for an appeal: Mix <u>lost</u> the appeal against Higbee so there is no basis to file a motion as against prevailing-party Higbee for filing one brief defending an appeal Mix filed. *See Ruckelshaus*, 463 U.S. at 684 ("the consistent rule is that complete failure will not justify shifting fees from the losing party to the winning party.").

Indeed, Mix notes that Higbee filed a protective notice of appeal to preserve the client's right to go to an appeal on merits briefing; and it spills ink chastising Higbee's character as an alleged troll. But that act of preserving appellate jurisdiction and allowing new lawyers (Digital Justice Foundation) to take the district court record, and with their client, who was also using Bradley Arant to review and also approve appellate filings, and make decisions and arguments about the record to seek reversal, is not a basis to tax the appeal against Higbee. That is, the act of filing a protective notice of appeal cannot be a basis to tax the lawyer, who filed the notice, with the later-incurred fees due to an appeal the lawyer was not litigating for the client. And name-calling Higbee (utterances Higbee vigorously disputes as unprofessional, wrong, and indeed libelous, all of which is addressed in the opposition to the motion for fees) is not a basis to get around these principles.

Ultimately, as it relates to Mix's appellate fee claim, this is not a situation that requires the Panel's *sua sponte* (since Mix has not even asked to recall the mandate in its Motion) recall of the mandate almost a year later to prevent any alleged injustice to Mix. Its bonded fee award already is ample, it admits it pondered asking this Court originally for fees but chose not to, and so the mandate should not be recalled, *Leroy*, 906 F.2d at 1075-76; *Sims*, 941 F.2d at 370; *Nelson*,

722 F.2d at 208, and, given the lack of jurisdiction, there is no basis to order a transfer of any proceeding to any other court.

## IV. Conclusion

Respectfully,

The Court should dismiss the motion for appellate fees for lack of jurisdiction given the absence of a proper basis to recall the mandate.

Respectfully submitted,

Dated: October 6, 2025  By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi
**ONE LLP**
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
pafrasiabi@onellp.com

*Attorneys for Mathew Higbee and Higbee & Associates*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Motion contains 2,341 words, which complies with the type-volume requirements of Fed. R. App. P. 27(d).

/s/ Peter R. Afrasiabi
Peter R. Afrasiabi

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Peter R. Afrasiabi
Peter R. Afrasiabi